IÍENDRiisoN, Judge,
 

 delivered the opinion of the Court:
 

 As the law is silent in the case of a prosecution removed from one county to another, in respect to the county entitled to the fine which may be imposed, we must have recourse to reason and construction, in order to decide the question. No doubt the fines were given to the county, to defray the expenses of those prosecutions, to which it was made liable in certain cases of acquittal, If that be correct, it follows that the county which would have been chargeable, in case of an acquittal, is entitled to the fine on conviction $ and that is the county in-which the offence was committed and in which the prosecution w-as commenced- Policy as well as justice seems to dictate this : policy, because it will make it the interest of a county, to suppress offences j justice, because those who originate a groundless prosecution ought to bear the cusís. The removal of the case to another county for trial cannot destroy that liability. We are, therefore, of opinion, that as the county of Wilkes, where'the prosecution was commenced would have been subject to the paymeñt of the costs of prosecution, if the defendants had been acquitted, it should have the fine imposed on their conviction.